UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14302-CIV-CANNON

**ANGELA BRANIGAN**
*individually and on behalf of all others similarly situated*,

    Plaintiff,
v.

**CRUMBL FRANCHISING LLC**,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand, filed on September 13, 2025 (the "Motion") [ECF No. 12]. The Court has reviewed the operative Complaint ("Amended Complaint"), the Motion, Defendant's Opposition, Plaintiff's Reply, and the full record [ECF Nos. 9, 12, 14, 16]. Upon full review, the Motion [ECF No. 12] is **GRANTED**, and this matter is **REMANDED** to the Nineteenth Judicial Circuit of Florida in and for St. Lucie County, Florida.

**BACKGROUND AND PROCEDURAL HISTORY**

In July 2025, Plaintiff Angela Branigan initiated this putative class action against Defendant Crumbl Franchising, LLC in the Nineteenth Judicial Circuit of Florida [ECF No. 1-2 pp. 11–24]. The initial Complaint contained two counts, each brought on behalf of a putative class of individuals who received unsolicited text messages from Defendant during the class period: Count I under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, and Count II under the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059 [ECF No. 1-2 pp. 20–23].

After Defendant waived service in state court, Defendant timely removed the case to this Court [ECF No. 1]. *See* 28 U.S.C. § 1446(b). Defendant invoked federal question jurisdiction based on the TCPA claim in Count I, *see* 28 U.S.C. § 1331, along with supplemental jurisdiction for the FTSA claim in Count II, *see* 28 U.S.C. §§ 1367(a) and 1441(c) [ECF No. 1 pp. 3–4].

Plaintiff then filed the operative Amended Complaint, which abandons any federal claim under the TCPA in favor of two state law claims under the FTSA [ECF No. 9 pp. 12–15 (Count I under Fla. Stat. § 501.059(5) and Count II under Fla. Stat. § 501.059(8)(a))]. Both claims are brought on behalf of the same putative class as the original complaint and based on the same factual allegations [*Compare* ECF No. 1-2 pp. 11–24 *with* ECF No. 9].

After Plaintiff dropped her federal TCPA claim, Defendant changed its previous assertion of jurisdiction from federal question jurisdiction (plus supplemental jurisdiction) to diversity jurisdiction [ECF No. 11 (Removal Status Report)]. *See* 28 U.S.C. § 1332. There is no dispute as to the parties' diversity of citizenship [ECF No. 9 ¶¶ 7–9; ECF No. 14 p. 2 n.1]—so the focus shifts to the amount-in-controversy. On that issue, Defendant relies on two things: (1) the civil cover sheet filed by Plaintiff in connection with the initial class action complaint, which has a checkbox indicating "over $100,000" in the "Amount of Claim" section [ECF No. 11 p. 2; ECF No. 1-2 p. 5 (cover sheet)]; and (2) the attorneys' fees provision under the FTSA, citing fee awards in analogous TCPA litigation [ECF No. 11 p. 3; ECF No. 11-2 ($240,000 award in Utah); ECF No. 11-3 ($885,836 award in Ohio)].

This brings us to Plaintiff's Motion to Remand, which resists all of Defendant's arguments with respect to satisfying the amount in controversy [ECF No. 12]. According to Plaintiff,

> despite having exclusive access to records to confirm the exact number of class members and amount in controversy, Defendant has not offered any evidence to support its position that the amount in controversy is satisfied besides vaguely citing to class actions where fees were awarded as part of a court approved

2

settlement, not an individual action like Defendant is claiming is the basis for the jurisdictional amount.

[ECF No. 12 p. 2]. Plaintiff also challenges Defendant's reliance on the civil cover sheet as a jurisdictional hook, describing that cover sheet as merely reflecting the putative class members' aggregate claims—not Plaintiff's individual amount in controversy [ECF No. 16 p. 2]. Finally, and more fundamentally, Plaintiff challenges Defendant's novel contention that a court may base diversity jurisdiction for Plaintiff's individual claim on hypothetical class action attorneys' fees from class-wide settlements in other cases [ECF No. 16 p. 2].

Defendant filed an Opposition to Plaintiff's Motion, again relying on the same jurisdictional sources cited above: Plaintiff's civil cover sheet and any potential attorneys' fees award to be granted in line with other class action suits [ECF No. 14 pp. 3–4].[1]

## LEGAL STANDARDS

A defendant may remove to the district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The burden of establishing diversity jurisdiction "rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "If [the defendant's] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007)).

---

[1] Defendant disavows reliance on the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), as a basis to establish diversity jurisdiction [ECF No. 14 p. 5].

The "removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). The Court "may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). "[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751 (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

**DISCUSSION**

Remand is appropriate in this case because Defendant has not shown by a preponderance of the evidence that the amount in controversy of Plaintiff's individual claim exceeds the required $75,000 threshold for diversity jurisdiction.

Defendant's lead argument is that Plaintiff's state court civil cover sheet "alone is sufficient non-speculative evidence that Plaintiff's claims far exceed the $75,000 threshold" [ECF No. 14 p. 3]. The Court disagrees. To begin, the Eleventh Circuit has never indicated that the dollar amount listed on a civil cover sheet is sufficient on its own to establish the amount in controversy. And various district courts have persuasively rejected that theory. *See Chase v. Holiday CVS, LLC*, No. 22-CV-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (collecting cases). This hesitation makes sense. A civil cover sheet is just that—a cover sheet. It is not part of, or a supplement to, the party's pleading; it contains no factual support for the amount listed; and it expressly states, in clear text on the top, that the "estimated amount of the claim is requested for data collection and clerical purposes only" and "shall not be used for any other purpose" [ECF No. 1-2 p. 5]. Moreover, even if reliance on a civil cover sheet could potentially

reveal facts pertinent to a litigant's asserted damages in some circumstances, the cover sheet filed in this case—as Plaintiff observes—is tied to a class action lawsuit, saying nothing about Plaintiff's individual amount in controversy [ECF No. 16 p. 2; ECF No. 1-2 pp. 5–7]. For these reasons, mindful that "doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), Defendant's attempt to rely on "the civil cover sheet alone" is unavailing.

Defendant's secondary argument—that reasonable attorney's fees "push the amount in controversy well past $75,000"—is even more unavailing. Boiled down, Defendant's position is that, because Plaintiff's counsel has obtained attorney's fees in excess of $75,000 in other TCPA class-action settlements, Plaintiff's counsel might achieve the same result here—pushing Plaintiff's individual claim beyond $75,000. This is a dubious position rooted in presumptuous speculation. It is true that, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). But it is also true that, "when the amount in controversy substantially depends on a claim for attorney fees"—as is the case here—"that claim should receive heightened scrutiny." *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000). Indeed because of that enhanced scrutiny, courts often decline to speculate as to attorney's fees if the removing defendant neither alleges that a particular amount of fees should be added nor provides the Court with the information necessary to calculate attorney's fees. *See, e.g.*, *Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1278 (M.D. Fla. 2021); *see also Pretka*, 608 F.3d at 753–54 (explaining that "without facts or specific allegations, the amount in controversy could be divined . . . only through [impermissible] speculation") (quoting *Lowery*, 483 F.3d at 1209, 1215). All of these principles caution strongly against accepting Defendant's conjured amount-in-

controversy theory, which depends almost entirely on a speculative and hypothetical theory about other fee awards obtained in other settled class action suits [ECF No. 14 p. 4; *see* ECF Nos. 11-2, 11-3]. *See Pretka*, 608 F.3d at 770 (explaining that the Court needed not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount") (quotation omitted). And, as a factual matter, the two attorney-fee awards on which Defendant relies were granted as a percentage of the settlement fund that was established for the benefit of a settlement class—shedding little light on the scope of Plaintiff's individual monetary claim [ECF No. 12 p. 3].

Without any other basis or evidentiary showing to justify Defendant's claimed amount-in-controversy, remand is required. *See Am. Tobacco Co.*, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

## CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [ECF No. 12] is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, with each party to bear its own costs and attorney's fees.
3. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of September 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record